**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

UNITED STATES OF AMERICA,

      Plaintiff,

     vs.                                No. 14-cr-02026 KWR

STEVE CASAUS,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Defendant's Motion for Reconsideration (Doc. 38). Defendant was sentenced to 120 months' imprisonment, and judgment was entered in this case on September 7, 2016. On April 24, 2024, Defendant filed a motion to reconsider, requesting that the Court run his sentence concurrent to, instead of consecutive to, certain state sentences. As explained below, the Court lacks the ability to modify a sentence under these circumstances, and therefore denies his motion.

Defendant pled guilty to the indictment which charged him with violation of 18 U.S.C. § § 922(g)(1) and 924(a)(2), felon in possession of a firearm and ammunition. He was on conditions of release in a New Mexico state court case, D-202-CR-2014-1974 (Trafficking Controlled Substances) when he committed the crime in this case. Defendant was sentenced to 9 years' imprisonment in that state case. PSR, Doc. 24 at ¶ 41. Defendant was also convicted in another New Mexico state case, D-202-CR-2014-1975, and sentenced to a total of 35 years' imprisonment for child abuse, evidence tampering, and witness bribery charges stemming from the death of a child. *See* PSR, Doc. 24 at ¶ 42. His sentences in these two state cases were consecutive to each

other. *Id.* ¶¶ 41, 42.

 In this case, on August 16, 2016 Defendant was sentenced to "120 months consecutive to State of New Mexico Case D-202-CR-2014-1974 and D-20CR-2014-1975." Judgment, Doc. 36 at 2. Therefore, it appears that the sentences in these three cases were ordered to run consecutive to each other. Defendant did not file a notice of appeal in this case.

Eight years after judgment was entered in this case, Defendant now requests reconsideration, asking this Court to run his sentence in this case concurrent to his sentences in state court, or to "give [him his] pre-sentence confinement time on this sentence." Doc. 38 at 3. However, Defendant does not cite to any authority allowing the Court to reconsider the sentence.

To the extent Defendant seeks an order directing the custodial entity to apply presentence credit to this case, or to correct how his sentence is calculated by the custodial entity, he must file a habeas case pursuant to § 2241 case in the district of his confinement. The Court does not interpret Defendant's motion in this case as a habeas petition. The Court notes that Defendant's one-sentence summary request does not explain how the custodial entity has erred in his sentence calculation.

To the extent Defendant requests the Court alter the judgment to run his sentence in this case concurrent to his sentences in state court, the Court cannot do so. District courts do not have inherent powers to correct criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a Defendant's sentence [or judgment] … in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.; see also United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020). 18 U.S.C. § 3582(b) identifies three ways in which a sentence may be modified:

- pursuant to a compassionate release motion filed under § 3582(c)(1), or pursuant to § 3582(c)(2) if the guideline sentencing range has been subsequently lowered by the Sentencing Commission;

- pursuant to Fed. R. Crim. P. 35; and

- pursuant to an appeal of a sentence under 18 U.S.C. § 3742.

As explained below, none of these sections apply to Defendant's motion.

First, Defendant has not requested compassionate release pursuant to § 3582(c)(1), and his motion does not satisfy any of the requirements for granting compassionate release. Generally, "a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this rule and allowed for certain "compassionate release" sentence modifications under § 3582(c)(1)(A). The Court may reduce a sentence under this provision if Defendant administratively exhausts his request and three other requirements are met: (1) the court finds that extraordinary and compelling reasons warrant such a reduction; (2) the court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the factors set forth in § 3553(a), to the extent that they are applicable. *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.  But when a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* at 1043. Here, Defendant has not argued or demonstrated that any of these requirements have been

met. Defendant summarily states that he would like to be with his family, but does not demonstrate this is an extraordinary and compelling reason warranting a sentencing reduction.

Second, § 3582(c)(2) does not apply here, as Defendant does not argue that the sentencing guidelines were lowered after he was sentenced. Section 3582(c)(2) allows a defendant to seek reduction of a prison term when he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" § 3582(c)(2). A motion under § 3582(c)(2) presents a two-step inquiry. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018). "First, a court must determine whether a defendant is eligible for a sentence reduction. Second, the court must consider whether a sentence reduction is warranted in accordance with the 18 U.S.C. § 3553(a) factors." *Id.*   Under the express language of § 3582(c)(2), sentence reduction is available only if "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). Therefore, "the Sentencing Commission's policy statements in [sentencing guideline (USSG)] § 1B1.10 are *binding on district courts* and limit their authority to grant motions for reduction of sentences." *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010) (emphasis added) (citing *Dillon v. United States*, 560 U.S. 817 (2010)). Defendant does not argue he is eligible for a sentencing reduction because he was sentenced based on a sentencing range which has subsequently been lowered by the Sentencing Commission.

Third, no ground for amending a judgment under Federal Rule of Criminal Procedure 35 applies here. The Court may amend a judgment under Rule 35 to:

- reduce a sentence based on a defendant's substantial substance on motion of the Government; and

- correct a sentence that was imposed as a result of arithmetic, technical, or other

clear error, within fourteen days after imposition of the sentence.

Fed. R. Civ. P. 35(a)-(c). None of these subsections apply here. The Government did not file a motion to reduce Defendant's sentence based on substantial assistance. Fed. R. Civ. P. 35(b). Moreover, Defendant has not identified an arithmetic, technical, or clear error which needs correction, and more than seven days have passed since the imposition of the sentence. Fed. R. Civ. P. 35(a). Rule 36 also allows modification of a term of imprisonment to fix a "clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Here, Defendant does not assert there was any clerical mistake in any judgment or order.

Finally, the district court cannot grant relief under 18 U.S.C. § 3742, which applies to appeals of sentences before the courts of appeals. Defendant did not appeal his sentence, and the court of appeals has not instructed the court to fix an illegal sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider (Doc. 38) is **DENIED**.[1]

_/S/ KEA W. RIGGS_
UNITED STATES DISTRICT JUDGE

---

1 The Court did not interpret Defendant's motion as requesting habeas relief, therefore the Court need not deny a certificate of appealability. Only to the extent necessary, however, the Court denies a certificate of appealability.